IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. HARRIS,<br><br>    Plaintiff,<br><br>v.<br><br>D.A. MCCOSKER CONTRUCTION CO., ET AL.,<br><br>    Defendants.<br>_____/ | No. C 11-05339 CRB<br><br>**ORDER VACATING HEARING ON MOTION TO DISMISS AND ORDERING AMENDMENT** |

    Plaintiff Andrew Harris is a former employee of Defendant D.A. McCosker Construction Co. On September 28, 2011, Plaintiff filed suit against Defendant alleging breach of an oral contract that was independent of the collective bargaining agreement ("CBA") governing Plaintiff's employment. Def.'s Notice of Removal of Action (dkt. 1), Ex. A ¶¶ 4-5 ("Complaint"). Defendant removed the action on November 3, 2011 on the basis of federal question jurisdiction as established by Section 301(a) of the Labor Management Relations Act ("LMRA"). Notice of Removal ¶¶ 3-6. On January 30, 2012, this Court refused to remand the case to state court. Order Denying Plaintiff's Motion to Remand (dkt. 20). Following arbitration of a grievance brought under the CBA, Defendants now move to dismiss under Rule 12(b)(6) on the grounds that the breach of contract claim is both preempted by the LMRA and precluded under the doctrines of *res judicata* and

collateral estoppel. Mot. (dkt. 31) at 6-13.

In his papers, Plaintiff states that he wishes to pursue his breach of contract claim as alleged in the original complaint. Opp'n (dkt. 35) at 4-10. He adds, however, that because the arbitration resolved the claims arising out of the 2006-2010 oral agreement, only the alleged breach of the 2011-2014 agreement remains before the Court. Id. Plaintiff offers two declarations as "properly considerable extrinsic evidence" that the arbitrator refused to rule on post-2010 issues. Id. at 4; Declarations of Mike Croll and Chris Snyder.[1] Plaintiff has not filed an amended complaint to reflect that an arbitration took place, or that his breach of contract claim became narrower as a result. Defendant argues that all claims were resolved through the binding arbitration, and, in support of that contention, submits a copy of the Grievance Letter, the Board of Adjustment Minutes, and various declarations. See RJN at 1; Declaration of Brian McCosker (dkt. 32); Declaration of Brian Cartmell (dkt. 38); Declaration of Kevin Rowe (dkt. 39); Declaration of Sean O'Donoghue (dkt. 40).

The briefs filed on both sides thus ask the Court to look beyond the factual allegations of the Complaint <u>and beyond those facts properly subject to judicial notice</u> in deciding this Motion. The Court will not do so. Because the pleadings do not accurately reflect the factual allegations underlying the arguments on either side of this Motion, the Court cannot test the legal sufficiency of the Complaint, as required under Rule 12(b)(6). See Ileto v. Glock, Inc., 349 F.3d 1191-1200 (9th Cir. 2003). Accordingly, the Court VACATES the hearing on the Motion to Dismiss, TERMINATES that Motion without prejudice, and PERMITS Plaintiff thirty (30) days from the date of this Order to amend the Complaint to include updated allegations relating to the arbitration, so that the Court may evaluate the Complaint based on what it actually says.

**IT IS SO ORDERED.**

Dated: August 8, 2012

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff also reasserts his request for remand, which the Court DENIES.