**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11   ANDREW R. HARRIS,                      No. CV 11-5339 CRB

12            Plaintiff,

13        v.                                **ORDER GRANTING MOTION TO DISMISS**

14   D.A. MCCOSKER CONSTRUCTION CO.,
     ET AL.,
15
              Defendants.
16   _____/

17

18        Plaintiff Andrew Harris ("Plaintiff"), a former employee of Defendant D.A.

19   McCosker Construction Co. ("Defendant"), brought suit for alleged breach of an oral

20   agreement.  FAC (dkt. 42) ¶ 5.  Defendant removed the action to federal court on the basis of

21   federal question jurisdiction as established by Section 301(a) of the Labor Management

22   Relations Act ("LMRA") and this Court denied Plaintiff's motion to remand the case to state

23   court.  Notice of Removal (dkt. 1), Ex. A ¶¶ 3-6; Order Denying Plaintiff's Mot. to Remand

24   ("First Order") (dkt. 20).  After arbitration, Defendant filed a Motion to Dismiss, which this

25   Court vacated to provide Plaintiff the opportunity to plead submitted material that was not

26   properly subject to judicial notice.  Order Vacating Motion to Dismiss ("Second Order")

27   (dkt. 41) at 2.  Plaintiff then filed a First Amended Complaint ("FAC") and Defendant again

28   moved to dismiss under Rule 12(b)(6) on the grounds that Plaintiff's breach of contract

claims are both preempted by the LMRA and precluded under the doctrines of *res judicata* and collateral estoppel.  Mot. (dkt. 43) at 7-13.  The Court GRANTS Defendant's motion to dismiss for the reasons below, this time with prejudice.

## I.      BACKGROUND

As of 2011, Defendant had employed Plaintiff for approximately twenty-six years. FAC ¶ 5.  Plaintiff alleges that his work and compensation were in part governed by a collective bargaining agreement ("CBA") between the Operating Engineers Local Union No. 3 ("Union") and the Associated General Contractors of California, Inc.  FAC ¶¶ 5-6; Request for Judicial Notice in Support of Motion to Dismiss ("RJN") (dkt. 43-2) ¶¶ 1-3.[1]

Section 03.04.01 of the CBA provides, in pertinent part, that "[n]o oral or written agreement which conflicts or is inconsistent with this Agreement or any supplemental Agreements hereto, shall hereafter be entered into by an Individual employer."  McCosker Declaration ("CBA") § 03.04.01.  Plaintiff nevertheless contends that in March 2006 he entered into an oral agreement with Brian McCosker, president of Defendant, which imposed new duties on the parties and dictated new salary requirements.  FAC ¶¶ 6-7.  The terms of this alleged oral agreement for the period July 2006 through December 2010 are as follows:

a) Defendant would pay Harris $240,000 per year, of which $89,000 per year would be paid as required by the union collective bargaining agreement, and the remainder would be paid as compensation for Harris' managerial duties and services.  Id. ¶ 7(a)(1).

b) Defendant would report 1320 hours worked per year to the union health and welfare benefit plan pursuant to the union collective bargaining agreement.  The union collective bargaining agreement requires that an

---

[1] Defendant requests judicial notice of three versions of the CBA, each effective at different times during Plaintiff's employment.  RJN ¶ 1 (June 16, 2002 to June 25, 2006); id. ¶ 2 (June 26, 2006 to June 30, 2010); id. ¶ 3 (July 1, 2010 to present).  The differences among these versions are immaterial for the purposes of this Motion, as Sections 03.04.01 and 18 of all versions of the CBA contain equivalent requirements.  See McCosker Declaration (dkt. 14) Ex. A-C.  The Court takes judicial notice of the terms of the CBA under the "incorporation by reference" doctrine because (1) the Complaint refers to the CBA; (2) the CBA is central to Plaintiff's claims to the extent that it governs at least part of the alleged oral agreement; and (3) neither party questions the authenticity of the CBA.  See Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010).

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

employee work 1320 hours per year in order to be eligible for health and pension benefits. Id. ¶ 7(a)(2).

The terms of this alleged oral agreement for the period January 2011 through May 2014 are as follows:

    a)    Harris would remain 'on call' to work as needed and Defendant would pay Harris $89,000 per year, which was not required under the CBA but only by the parties' oral agreement; and would report 1320 hours per year to the union health and welfare benefit plan, even though not required by the CBA but in order to enhance Plaintiff's benefits after he reached age 55. Id. ¶ 7(b)(1).

    b)    From January 2011 until Harris reached age 55, Harris would remain 'on call' and available to work for Defendant as Defendant from time to time could require, but would not have regularly scheduled hours or duties, which terms were neither supplemental to, inconsistent with, nor governed by the CBA. The Agreement further provided that if Defendant required Harris to work more than one week in any calendar year, his compensation would be calculated at the rate of $240,000 per year, pro-rated for the actual amount of time worked. Id. ¶ 7(b)(2).

Plaintiff brought suit against Defendant in the Contra Costa Superior Court for breach of the oral agreement. Id. ¶ 1. Defendant subsequently removed the case to federal court on November 3, 2011, under Section 301(a) of the LMRA, which confers federal subject matter jurisdiction over cases involving "violation[s] of contracts between an employer and a labor organization." Notice of Removal ¶¶ 3-6; 29 U.S.C. § 185(a). Plaintiff moved to remand the case to state court, arguing that the oral agreement did not trigger preemption under the LMRA because its terms are outside the scope of the CBA. First Order at 6.

The Court denied Plaintiff's motion, finding that "complete preemption" applied because "the CBA conflicts with the supplementary oral agreement, and remanding the action to state court would force that court to interpret the CBA, in contravention of congressional intent." Id. at 1-2.

Shortly thereafter, in February 2012, Defendant terminated Plaintiff's employment, which prompted the Union to initiate a grievance proceeding on Plaintiff's behalf. Mot. at 4; Opp'n (dkt. 44) at 3. According to Defendant, the grievance claimed violations of CBA Sections 04.03.02 (prohibiting termination of employment without "just cause"), 22.00.00-22.01.00 (regulating the way employers pay fringe benefits out of trust funds), and "any

3

United States District Court
For the Northern District of California

1  other applicable sections." Mot. at 4[2]; RJN Item 4.  The Union requested that Plaintiff "be

2  reinstated and made whole for all lost wages and [underreported] fringe benefits."  Id.  The

3  arbitrator issued a decision awarding Plaintiff "the balance of the trust fund payments, up to

4  the amount of one hundred sixty-eight hours per month, for the calendar years of 2009 and

5  2010."  RJN Item 4.  Both parties accept the arbitration decision as binding.  Mot. at 7;

6  Opp'n at 5.

7      Plaintiff still wishes to pursue his breach of contract claims as alleged in the FAC.

8  Opp'n at 7-12.  Despite alleging the existence of only one oral agreement, FAC ¶ 7, Plaintiff

9  claims that the arbitration resolved only claims arising out of the 2006-2010 portion of the

10  oral agreement, leaving the alleged breach of the 2011-2014 portion of the agreement before

11  the Court. Opp'n at 7-12.  Defendant, contending that the arbitration resolved all of

12  Plaintiff's outstanding claims, now moves to dismiss under Rule 12(b)(6).  Mot. at 6-14.

13  **II.**    **LEGAL STANDARD**

14      A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the

15  complaint.  Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  Dismissal is

16  proper where a cause of action fails to state a claim upon which relief can be granted.  Fed.

17  R. Civ. P. 12(b)(6).  The Rule calls for sufficient factual matter to "state a claim to relief that

18  is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic

19  Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  On a motion to dismiss, all well-pleaded

20  allegations of material fact are taken as true and construed in the light most favorable to the

21  non-moving party.  Wyler-Summit P'ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th

22  Cir. 1998).  A complaint should not be dismissed without leave to amend unless it is clear

23

24  _____

25  [2]Instead of including details in his First Amended Complaint describing the grievance and the arbitrator's ruling, as the Court ordered, Plaintiff chose to rely on details "more particularly set forth" in Plaintiff's First Opposition.  Second Order at 2; FAC ¶ 14.  This violates Civil Local Rule 10-1, which requires that "[a]ny party filing or moving to file an amended pleading must reproduce the entire proposed pleading and may not incorporate any part of a prior pleading by reference."  Civil L.R. 10-1.  Because the Court finds the FAC to contain sufficient information to decide the matter on the merits, it will address the matter despite this violation of local rules.

28

4

1   that the claims could not be saved by amendment.  Swartz v. KPMG LLP, 476 F.3d 756, 760

2   (9th Cir. 2007).

3   **III.   DISCUSSION**

4        Defendant urges dismissal based on four related theories.  First, Defendant argues that

5   Plaintiff's claims are preempted because they derive from a conflicting, inconsistent, or

6   supplemental agreement and should be dismissed because "to the extent any alleged

7   independent agreement conflicts with a CBA, the terms of the CBA control."  Mot. at 6-7;

8   Brown v. Lucky Stores, Inc., 246 F.3d 1182, 1189 (9th Cir. 2001).  Second, Defendant

9   argues that Plaintiff's claims, when "assessed as though pled under Section 301," have either

10  not been exhausted through the CBA grievance procedures or have achieved a binding result

11  based on those procedures.  Id. at 7-9 (quoting Lopez v. HMS Host, Inc., No. 09-4930, 2010

12  U.S. Dist. LEXIS 23179, at *2 (N.D. Cal. Mar. 12, 2010)).  Third, Defendant argues that the

13  FAC does not provide any new allegations that alter the Court's previous findings of

14  preemption so the Plaintiff's claims were already addressed through arbitration as mandated

15  by the CBA.  Id. at 10-11.  Fourth, Defendant invokes the doctrines of *res judicata* and

16  collateral estoppel to argue that Plaintiff already litigated his claims through arbitration.  Id.

17  at 12.

18       In opposition, Plaintiff argues that the arbitrator decided only claims involving the

19  time period before 2011.  Opp'n at 7.  Because, according to Plaintiff's theory, his claims

20  from 2011 forward are not governed by the CBA, Plaintiff urges the Court to remand the

21  matter to the state court to resolve the remaining claims.  Id. at 12.

22       To address the arguments each party raised, the Court will analyze the sufficiency of

23  the FAC.  To survive Defendant's motion to dismiss, Plaintiff's pleadings must contain facts

24  that make it plausible that (1) the oral agreement from 2011 forward was not supplemental to

25  the CBA, because, if it is supplemental, the CBA controls and arbitration is the appropriate

26  process for resolution of Plaintiff's claims and (2) the arbitrator did not address matters from

27  2011 forward, because, if the arbitrator already ruled on Plaintiff's claims, *res judicata* and

28

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1   collateral estoppel apply.  The FAC fails to plausibly allege either allegation, let alone both.[3]

2   **A.   The Oral Agreement Was Supplemental to the CBA**

3   Section 03.04.01 of the CBA provides that "[n]o oral or written agreement which

4   conflicts or is inconsistent with this Agreement or any <u>supplemental</u> Agreements hereto, shall

5   hereafter be entered into by an Individual employer."  CBA § 03.04.01 (emphasis added).  In

6   the Court's Order denying Plaintiff's Motion to Remand, it held that the oral agreement

7   might not be enforceable by virtue of preemption, based on its conclusion that the

8   agreement's terms directly conflicted with the CBA or else constituted a "supplemental"

9   contract within the meaning of the CBA.  First Order at 1:23-24 ("the CBA conflicts with the

10  supplementary oral contract"); <u>id.</u> at 5:2-3 ("Defendant correctly argues that Plaintiff lacked

11  the ability to enter into a binding contract because section 03.04.01 of the CBA controls

12  further contracts between the parties"); <u>id.</u> at 5:8-9 ("the alleged oral contract probably

13  supplements the CBA").  Thus, if the Court finds the oral agreement to be supplemental

14  within the meaning of the CBA, disputes as to the agreement should be resolved by final and

15  binding arbitration and Plaintiff's claims should be dismissed.  CBA § 18.02.00 ("All other

16  disputes, complaints and grievances are the subject of arbitration."); CBA § 18.02.02 ("Said

17  decision shall be within the scope and terms of this Agreement and shall be final and binding

18  on all parties hereto.").

19  When interpreting a contract, a court should give unambiguous terms their plain and

20  ordinary meaning.  <u>Bergholm v. Peoria Life Ins. Co. of Peoria, Il.</u>, 284 U.S. 489, 492 (1932).

21  In this case, the plain and ordinary meaning of supplemental is "[s]upplying something

22  additional; adding what is lacking."  Black's Law Dictionary 1577 (9th ed. 2009).  The oral

23  agreement at issue supplies terms of employment that are additional to the terms of the CBA;

24  _____

25  [3]In addition to Defendant's request for judicial notice of the CBA discussed in note 1, Defendant requests judicial notice of the AGC/Operating Engineers Board of Adjustment Minutes and Arbitrator's Decision dated April 3, 2012.  RJN ¶ 4.  The Court takes judicial notice of the minutes and decision

26  under the "incorporation by reference" doctrine because (1) the FAC refers to the scope of the arbitration and the arbitrator's decision; (2) the arbitration decision is central to the validity of Plaintiff's

27  claims; and (3) neither party questions the authenticity of the minutes or decision.  <u>See Daniels-Hall</u>, 629 F.3d at 998; <u>Chandler v. State Bar of Cal.</u>, No. 08-437, 2008 U.S. Dist. LEXIS 107760, at *2 (N.D.

28  Cal. Mar. 31, 2008) (taking judicial notice of an arbitration award).

1   accordingly, the oral agreement is supplemental to the CBA.

2       The language in the FAC supports this interpretation.  Nothing in Plaintiff's FAC

3   alleges that Plaintiff and Defendant made separate agreements governing the period before

4   2011 and the period from 2011 forward.  See FAC ¶ 7.  To be sure, the FAC divides the

5   terms of the agreement into two time periods.  Id.  But, the FAC makes reference to a single

6   agreement, not two agreements.  Id. ("Harris and . . . McCosker . . . entered into an oral

7   agreement (the 'Agreement') regarding Defendant's managerial services and

8   compensation.").  Thus, as even Plaintiff agrees that at least portions of the oral agreement

9   were within the scope of the CBA and subject to arbitration, id. ¶ 14 (stating that "the

10  arbitrator ruled on Plaintiff's claims for the period 2006-2010"), the CBA governs and

11  prevents Defendant from entering into the agreement with Plaintiff, making the agreement

12  void.  CBA § 03.04.01.  Moreover, any dispute as to section 03.04.01 of the CBA should be

13  determined through arbitration.  CBA § 18.02.00 ("All other disputes, complaints and

14  grievances are the subject of arbitration."); CBA § 18.02.02 ("Said decision shall be within

15  the scope and terms of this Agreement and shall be final and binding on all parties hereto.").

16      Even if the Court accepted Plaintiff's argument and assumed there to be a separate

17  oral agreement for the period from 2011 forward, Defendant would prevail because Plaintiff

18  has already litigated these claims through arbitration.

19      **B.    The Arbitrator Did Address Matters for the Period from 2011 Forward**

20      Much of the parties' briefing was devoted to whether the arbitrator addressed matters

21  from 2011 forward and the proper course of action based on what the arbitrator considered.

22  Because the Court resolves this case based on the oral agreement being supplemental to the

23  CBA, the Court need not resolve this issue.  The Court, however, notes that the arbitration

24  addressed matters for the period from 2011 forward.

25      The FAC alleges that the arbitrator "did not rule on the post-2010 period governed by

26  the Agreement."  FAC ¶ 14.  But this allegation is not plausible based on the arbitration

27  minutes and decision.  See RJN Item 4.  "[W]here an exhibit to a pleading is inconsistent

28  with the pleading, the exhibit controls."  Gamble v. GMAC Mortg. Corp., No. 08-5532, 2009

United States District Court

For the Northern District of California

1  WL 400359, at *3 (N.D. Cal. Feb. 18, 2009) (citations omitted).

2      At the arbitration, the Union argued that Plaintiff's discharge on February 15, 2012

3  was unjust and that Plaintiff was underpaid "beginning in January 2009."  RJN Item 4.

4  Defendant argued that Plaintiff was discharged for cause because Plaintiff failed to report to

5  work in 2011 and 2012.  Id.  After hearing these arguments, the arbitrator found that "[w]ith

6  respect to the discharge in February 2012, under the terms of the Collective Bargaining

7  Agreement, the Union did not establish that the discharge was not for just cause."  Id.

8  Plaintiff claimed that the arbitrator's decision did not invoke collateral estoppel because the

9  arbitrator's decision did not actually and necessarily decide the claims for the period from

10  2011 forward.  Opp'n at 7.  In fact, at oral argument, Plaintiff argued that the arbitrator's

11  decision did not decide claims through 2014.  But, the arbitrator did examine the alleged

12  failure of Plaintiff to report to work in 2011 and 2012 prior to his discharge.  RJN Item 4.

13  This failure to report implicates Plaintiff's duties under the alleged oral agreement for the

14  period from 2011 forward.  FAC ¶ 7(b)(1) ("Harris would remain 'on call' to work as

15  needed.").  Thus, the arbitration explicitly encompassed claims occurring from 2011 forward

16  and applied the CBA, making the allegations in the FAC implausible.[4]

17      The arbitration was within the scope of the CBA, and so the arbitrator's decision

18  "shall be final and binding on all parties hereto."  CBA § 18.02.02.  Thus, the doctrines of *res*

19  *judicata* and collateral estoppel prevent re-litigation of Plaintiff's claims.

20

21

22

23

24

25

26

27

28

_____

[4]Plaintiff urges the Court to take judicial notice of the declarations of Croll and Snyder to determine what was actually and necessarily decided at the arbitration. Opp'n at 10. These declarations state, in relevant part, that the arbitrator only decided issues arising under the CBA and did not decide issues relevant to the parties' separate agreement. Croll Declaration (dkt. 35) ¶ 4; Snyder Declaration (dkt. 35) ¶ 4.  As discussed in note 2, Plaintiff should have included such information in the FAC per the Court's previous order instructing Plaintiff to include such information in his amended complaint. See Second Order at 2.  These declarations are not properly judicially noticeable because their content is subject to dispute.  Fed. R. Evid. 201(b)(2).  In any case, because the oral agreement was supplemental to the CBA, the proper avenue for Plaintiff to bring his claims is through arbitration.  See CBA § 18.02.00.

**IV.     CONCLUSION**

For the foregoing reasons, the Court GRANTS the Motion to Dismiss, with prejudice.

**IT IS SO ORDERED**.

Dated:  November 6, 2012

CHARLES R. BREYER
United States District Judge

United States District Court
For the Northern District of California